UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
|       Plaintiff | ) |
| | )   1:18-cv-00274-GZS |
| v. | ) |
| | ) |
| JOSEPH FITZPATRICK, et al., | ) |
| | ) |
|       Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff, an inmate in the custody of the Maine Department of Corrections at the Maine State Prison, alleges Defendants violated his constitutional rights following an incident in February 2018. He also attempts to assert a class action on behalf of others who are similarly situated. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to a review "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's class action allegations and dismiss all of Plaintiff's claims except for his claim against Defendant Manning.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

Plaintiff alleges that on February 11, 2018, he received two "heavy applications" of pepper spray when he refused to "cuff up" for a cell extraction, and that he was subsequently denied access to a shower for three days after he was placed in Emergency Observation Status (EOS). (Complaint ¶¶ 11 – 19, ECF No. 1.) In particular, Plaintiff alleges Defendant Manning, identified as a sergeant at the Maine State Prison, denied Plaintiff's request for a shower for a period of three days, even though Plaintiff reported to Defendant "that his skin was burning from head-to-toe." (*Id.* ¶¶ 18 – 20, 23.) Additionally, Plaintiff alleges that Defendant Manning denied Plaintiff access to other means of decontamination in his cell (i.e., wash cloths and towels), even though prison policy does not deny EOS prisoners access to such items. (*Id.* ¶ 23.) Plaintiff asserts Defendants Liberty and Ross, alleged to be the warden and deputy warden of security, are liable as

3

supervisors. (*Id.* ¶¶ 7c, 7d.) Plaintiff further alleges that Defendants Fitzpatrick and Thornell have supervisory liability because they are, respectively, Commissioner and Deputy Commissioner of the Maine Department of Corrections. (*Id.* ¶¶ 7a, 7b.)

Plaintiff asserts that Department of Corrections' policy "requires [officers] to provide reasonable opportunity for a prisoner to be decontaminated, by means of a shower and clean change of clothing, following any direct exposure to chemical agents." (*Id.* ¶ 10.) Plaintiff also alleges that the supervisory defendants nevertheless tolerate or condone a practice in which prisoners are denied the ability to decontaminate after exposure to pepper spray because, based on information and belief, other prisoners have had experiences similar to Plaintiff's experience. (*Id.* ¶¶ 26 – 28.)

Plaintiff seeks to assert a class action on behalf of "all male prisoners [at] MSP who were or will be exposed to chemical agents and then deprived of meaningful opportunity to decontaminate by means of a shower and clean change of clothing." (*Id.* ¶ 6.)

**Discussion**

Plaintiff cannot assert a claim on behalf of other individuals. By law an individual may appear in federal courts only pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450 – 51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654). As a pro se litigant, Plaintiff cannot represent other prisoners in this court, though he may provide advice and assistance to his fellow inmates on their legal matters. *Id.*; *see also Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010); *Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009); *Fowler v. Lee*, 18 Fed. App'x 164, 165 (4th Cir. 2001)

4

(per curiam) ("It is plain error for a pro se inmate to represent other inmates in a class action."). To the extent Plaintiff proposes not only to serve as the representative of the class, but also as a legal representative of other class members, Plaintiff's request to certify a class fails.[1]

Plaintiff's request to certify a class also fails because Plaintiff has not otherwise satisfied the requirements for class certification. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a party requesting class certification must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If these conditions are satisfied, the Court may certify a class action if the action is of a type identified in section (b) of the Rule. Fed. R. Civ. P. 23(b).[2]

---

[1] Plaintiff requests in his complaint that the Court appoint counsel to represent himself and the class. (Complaint at 7, ¶ 5), "There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The in forma pauperis statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id.* A review of Plaintiff's complaint reveals that the law and facts relevant to Plaintiff's case are sufficiently straightforward such that Plaintiff should be able to represent himself. In other words, the case does not present the "exceptional circumstances" necessary to warrant the appointment of counsel. Plaintiff's request for the Court to appoint counsel, therefore, is denied.

[2] Federal Rule of Civil Procedure 23(b) provides:

Rule 23 imposes more than "a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 – 52 (2011). The movant must "be prepared to prove" that each of the Rule 23(a) requirements is met "in fact," *id.*, and "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

Significantly, Plaintiff, as the sole proposed representative of the class, has not alleged that he has claims that are "typical" of all of the class. The gravamen of Plaintiff's complaint is that he was pepper sprayed, placed in EOS, and denied a shower for a period of time following the incident. Plaintiff has not identified any individuals who had a similar

---

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

  (1) prosecuting separate actions by or against individual class members would create a risk of:

    (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
    (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

  (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

  (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
    (D) the likely difficulties in managing a class action.

experience under similar circumstances. Furthermore, even if Plaintiff were joined by one or more representative plaintiffs having the same claims, Plaintiff has failed to provide record evidence or any other reliable information to suggest that Plaintiff could satisfy the other elements required for class certification.

Although Plaintiff has not established the prerequisites for class certification, he has alleged sufficient facts to support an individual claim. Specifically, Plaintiff has alleged facts sufficient to state a plausible § 1983 claim against Defendant Manning based on the alleged denial of means by which to decontaminate from the application of pepper spray. *See*, *e.g.*, *McNeeley v. Wilson*, 649 Fed. App'x 717, 724 (11th Cir. 2016).

Plaintiff has not, however, alleged facts to state plausible claims against any of the other defendants. A supervisory officer is not liable under 42 U.S.C. § 1983 for every unconstitutional act of a subordinate. To be liable, there must be an affirmative link between the supervisor and the alleged conduct. *Maldonado v. Fontanes,* 568 F.3d 263, 275 (1st Cir. 2009). An affirmative link could be established through evidence of "supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." *Id.* Plaintiff's allegations against the supervisory defendants are conclusory and not fact-based.[3]

---

[3] Although Plaintiff requests declaratory and injunctive relief, which requests could support an "official capacity" claim against one or more supervisory officials, *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)); *Vaqueria Tres Monjitas*, *Inc. v. Irizarry*, 587 F.3d 464, 478 (1st Cir. 2009), to obtain such relief related to a policy, practice or custom, Plaintiff must first allege a plausible policy, practice or custom claim, which Plaintiff has failed to do.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's class action allegations, dismiss Plaintiff's claims against Defendants Fitzpatrick, Thornell, Liberty, Ross, Cassese, and Burns, and permit Plaintiff, based on the alleged denial of means by which to decontaminate from the application of pepper spray, to proceed on a claim under 42 U.S.C. § 1983 against Defendant Manning,.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of September, 2018.