UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLAS A. GLADU,            )
                              )
         Plaintiff            )
                              )    1:18-cv-00274-GZS
v.                            )
                              )
JOSEPH FITZPATRICK, et al.,   )
                              )
         Defendants           )

**SUPPLEMENTAL RECOMMENDED DECISION AFTER
REVIEW OF AMENDED COMPLAINT**

In this action, Plaintiff, an inmate in the custody of the Maine Department of Corrections at the Maine State Prison, alleges Defendants violated his constitutional rights following an incident in February 2018. He also attempts to assert a class action on behalf of others who are similarly situated. (Complaint, ECF No. 1.)

In response to a Recommended Decision After Review of Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, Plaintiff filed a motion to amend with proposed supplemental pleadings in an apparent effort to address the shortcomings identified in the recommended decision. (ECF No. 12.) Because Plaintiff can amend his complaint, in accordance with Federal Rule of Civil Procedure 15(a), "once as a matter of course" within 21 days of service of the complaint, and because the complaint has not yet been served, I grant the motion to amend. Upon review of the supplemental pleadings pursuant to 28 U.S.C. §§

1915(e), 1915A,[1] I recommend the Court dismiss all claims except the claim identified as actionable in the original recommended decision.

## DISCUSSION

### A. Supervisory / Policy-Making Officials

Plaintiff alleges that on February 11, 2018, he received two "heavy applications" of pepper spray when he refused to "cuff up" for a cell extraction, and that he was subsequently denied access to a shower for three days after he was placed in Emergency Observation Status (EOS). (Complaint ¶¶ 11 – 19, ECF No. 1.) More particularly, Plaintiff alleges Defendant Manning, identified as a sergeant at the Maine State Prison, not only denied Plaintiff's request for a shower for a period of three days, even though Plaintiff reported to Defendant "that his skin was burning from head-to-toe," but also denied Plaintiff access to other means of decontamination in his cell (i.e., wash cloths and towels). (*Id.* ¶¶ 18 – 20, 23.)

Upon review of Plaintiff's complaint, I concluded that Plaintiff had alleged an actionable claim against Defendant Manning. (Recommended Decision, ECF No. 9.) I also determined that Plaintiff's claim against the supervisory officers failed because Plaintiff

---

[1] When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

merely alleged in conclusory fashion that Defendant Manning was following a policy or practice. (*Id.*) Plaintiff maintains the grievance documents attached to his supplemental pleadings (ECF Nos. 12-2, 12-4, 12-6) reflect that the supervisory officers condoned the denial of the shower, and thus constitute evidence to support a claim against the supervisory officers.

Contrary to Plaintiff's argument, the grievance documents do not reflect a pre-incident policy or custom to deny decontamination to an inmate under the circumstances alleged by Plaintiff. The documents acknowledge that prison policy provides for decontamination, but that Plaintiff refused decontamination treatment. The Constitution does not mandate a particular means of decontamination. Plaintiff's claim against Defendant Manning is not actionable because Defendant Manning allegedly deprived Plaintiff of a shower, but because Defendant Manning allegedly did not afford Plaintiff the ability to decontaminate by any reasonable means. To support a claim against a supervisory official, the policy pursuant to which a government employee is alleged to have deprived an inmate of a constitutional right must have been established in order to have caused the alleged deprivation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Here, the allegations and grievance documents simply reflect that certain supervisory officers upheld the denial of Plaintiff's grievance days after the incident because Plaintiff had been offered decontamination by medical staff, but declined the offer, and because he received new clothing. The documents cannot reasonably be construed as reflecting a policy that deprived inmates of a means of decontamination after exposure to a substance such as pepper spray.

Under the circumstances, Plaintiff's supplemental filing lacks any basis to deviate from the ordinary rule that "[a]n officer's mere denial of a grievance does not establish that the officer is liable for the underlying deprivation." *Anctil v. Fitzpatrick*, No. 1:16-cv-107, 2016 WL 6205755, at *10 (D. Me. Oct. 24, 2016) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)); *see also Worthley v. Roberts*, No. 2:15-207, 2015 WL 4139647, at *3 (D. Me. July 9, 2015) ("[O]fficers who have merely participated in the review and denial of a prisoner's grievance, but who were not involved in the incident that is the subject of the grievance, ordinarily are not subject to liability under federal civil rights law."); *Williams v. Cutler*, No. 1:14-cv-539-NT, 2016 WL 6651301, at *3 n.4 (D. Me. Nov. 10, 2016) (same).

## B. Class Action

Plaintiff seeks to assert a class action on behalf of "all male prisoners [at] MSP who were or will be exposed to chemical agents and then deprived of meaningful opportunity to decontaminate by means of a shower and clean change of clothing." (Complaint ¶ 6.) Plaintiff's supplemental pleading does not alter the fact that Plaintiff, a pro se litigant, cannot assert a claim on behalf of other individuals.

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's motion to amend. In addition, after review of the amended pleadings in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), for the reasons set forth herein and in the original recommended decision (ECF No. 9), I reiterate the recommendation in the original recommended decision. Specifically, I recommend the Court dismiss Plaintiff's class action allegations,

4

dismiss Plaintiff's claims against Defendants Fitzpatrick, Thornell, Liberty, Ross, Cassese, and Burns, and permit Plaintiff, based on the alleged denial of means by which to decontaminate from the application of pepper spray, to proceed on a claim under 42 U.S.C. § 1983 against Defendant Manning.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of November, 2018.