UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
|    v. | )   1:18-CV-00274-GZS |
| | ) |
| JOSPEH FITZPATRICK, et als. | ) |
| | ) |
|    Defendants | ) |

**ANSWER**

Defendant Jeremiah Manning answers the Complaint as follows:

1. Paragraph 1 contains a summary of the Complaint rather than allegations of fact, and no response is required.

2. Paragraph 2 states a legal assertion, and no response is required.

3. Paragraph 3 states a legal assertion, and no response is required.

4. The claims set forth in Paragraph 4 have been dismissed.

5. Defendants admit the allegations in Paragraph 5

6. The claims in Paragraph 6 have been dismissed.

7. (a – e)  These defendants have been dismissed.

7 (f).  Defendant Manning admits that he is a correctional sergeant employed at the Maine State Prison.  The remainder of Paragraph 8 states a legal conclusion, and no response is required.

8 – 10.  The claims in Paragraphs 8 – 10 have been dismissed.

11. Defendant admits that on the date alleged plaintiff was extracted from his cell after covering his window, refusing to uncover the window, throwing a food tray at an officer and refusing to cuff up.  Defendant admits that the cell extraction was accomplished with the use of pepper spray.  Defendant denies that the application of pepper spray was "heavy." Defendant neither admits nor denies that plaintiff was covered from head to toe with pepper spray for lack of sufficient knowledge and information.

12. Defendant admits that plaintiff was asked repeatedly whether he "needed medical" and that plaintiff repeatedly told the sergeant that he was "refusing medical."

13. Defendant admits the allegations in Paragraph 13.

14. Defendant neither admits nor denies the allegations in Paragraph 14 for lack of sufficient knowledge and information..

15. Defendant neither admits nor denies the allegations in Paragraph 15 for lack of sufficient knowledge and information.

16. Defendant neither admits nor denies the allegations in Paragraph 16 for lack of sufficient knowledge and information.

17. Defendant admits the allegations in Paragraph 17, except that defendant neither admits nor denies how long EOS "usually almost always lasts" for lack of sufficient knowledge and information.

18. Defendant neither admits nor denies for lack of sufficient knowledge and information that defendant conducted a round in the segregation unit at about 7:30 p.m.  Defendant denies the remaining allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant neither admits nor denies the allegation in Paragraph 20 for lack of sufficient knowledge and information.

21. Defendant neither admits nor denies the allegation in Paragraph 21 for lack of sufficient knowledge and information.

22. Defendant neither admits nor denies the allegation in Paragraph 22 for lack of sufficient knowledge and information.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant neither admits nor denies the allegation that plaintiff was provided telephone calls with his attorney. Defendant denies the remaining allegations in Paragraph 24.

25. – 28. The claims asserted in Paragraphs 25 – 28 have been dismissed.

29 – 32. To the extent that the claims asserted in Paragraphs 29 – 32 have not been dismissed, defendant denies the allegations in those paragraphs.

WHEREFORE, defendant requests that judgment be entered in his favor and that he be awarded costs and attorney fees.

AND FURTHER ANSWERING, defendant states;

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim for damages for emotional or mental distress is barred by the absence of any physical injury.

3. The actions of defendant are entitled to qualified immunity.

4. Any injury sustained by the plaintiff was the result of his own conduct, and his recovery is barred or must be reduced accordingly.

5. Plaintiff's claim for injunctive relief and punitive damages is barred by the prospective relief provisions of the Prison Litigation Reform Act.

.

January 28, 2019               /s/ James E. Fortin
                               James E. Fortin
                               Assistant Attorney General
                               James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800Certificate of Service

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Nicholas Gladu
Maine State Prison
807 Cushing Road
Warren, ME 04864

January 28, 2019               /s/ James E. Fortin
                               James E. Fortin
                               Assistant Attorney General